

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~WILLIAMSON~~
ATTORNEY GENERAL

Honorable J. E. Angly, Member
Board of Managers of Texas State Railroad
Palestine, Texas

Honorable Coke Stephenson
Lieutenant Governor of Texas
Austin, Texas

Gentleman:

Opinion No. O-3162
Re: Authority of Lieutenant Governor
and one member of Board of Managers
of Texas State Railroad to fill
vacancy.

This will acknowledge receipt of your request of February 14, 1941, accompanied by a letter of explanation from A. E. Sutton, County Auditor of Anderson County, for the opinion of this department relative to the authority of the Lieutenant Governor acting with one member of the Board of Managers of the Texas State Railroad to fill a vacancy existing in said Board.

As we understand the facts, under Senate Bill 68, Acts, 38th Legislature, Regular Session, 1923, page 3, the Board of Managers of the Texas State Railroad consists of three (3) members originally appointed by the Lieutenant Governor. At the present time there are two members on said Board, the third position being vacant. You desire to know whether authority exists for the Lieutenant Governor and one of such remaining members to fill the vacancy under Section 1 of Senate Bill 69, which reads as follows:

"Section 1. The Lieutenant Governor of the State of Texas is hereby authorized to appoint two men who are experienced in the management and practical operation of railroads, and to appoint a third man as chairman, who together with the other two appointees shall constitute the Board of Managers of the Texas State Railroad, which board shall, in the manner and as provided by law, exercise full and plenary control and management of the Texas State Railroad. The members of said board shall serve without pay except such actual and necessary expenses as may be incurred by them while in the performance of their duties as members of said Board of Managers. And should there become a vacancy in the Board of Managers thus created, the remaining member or members of the board, together with the Lieutenant Governor of Texas, shall in writing designate a proper person to fill such vacancy; which member so selected shall be clothed with all the powers of the original member whose place he is selected to fill." (Underscoring ours)

Hon. J. E. Angly
Hon. Coke Stephenson, Page 2 0-3162

It is our opinion that either remaining members of the Board (if both will not concur in the appointment) acting in concert with the Lieutenant Governor may fill the vacancy. This must necessarily be true otherwise, one member could always paralyze the appointing power wich the Legislature created.

As stated in 22 R. C. L. at page 433 "'with the consent of' any board means with the consent of a majority of its members." See also Selby v. Portland, 14 Ore. 243, 12 Pac, 377, 58 Am. Rep. 307. See also Rousse v. Johnson, 234 Ky. 473, 28 S. W. (2d) 745.

It is also stated in 46 Corpus Juris at page 954 "where an appointment is to be made by two bodies by joint ballot, in case their nomination for the office separately made do not concur, the appointment of an officer by a majority of the whole number after assembly in joint meeting is a valid appointment, although the members of one of such bodies taken no part therein."

Consequently, it is our opinion and you are advised that the Lieutenant Governor of the State of Texas may act concertedly with either remaining members of the Board of Managers of the Texas State Railroad to fill a vacancy existing in said Board pursuant to Section 1 of Senate Bill 69, Acts 38th Legislature, Regular Session, 1923, page 3.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ James D. Smullen


By James D. Smullen
Assistant

JDS:EP:LDW

APPROVED FEB. 15, 1941

GEARLD C. MANN

ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY B W B CHAIRMAN